IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.   23-cv-3682-RJD |
| GROUNDWORKS CONTRACTING, INC., and JASON RICHTER, Individually, | ) ) ) ) | |
| Defendants. | | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Jason Richter's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 10) and Plaintiff's Motion to Amend/Correct Complaint (Doc. 20). For the following reasons, Plaintiff's Motion to Amend/Correct Complaint (Doc. 20) is **GRANTED** and Defendant Richter's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 10) is **DENIED** as moot.

**Background**

Plaintiff filed a two-count complaint against Groundworks Contracting, Inc. and Richter, individually, on November 14, 2023. (Doc. 1). Count I asserted an ERISA claim directed at Defendant Groundworks Contracting, Inc. ("Groundworks"). Count II asserted an ERISA claim against Defendant Jason Richter, individually, for various agreements he executed as an "authorized representative" of Groundworks. (*Id.*). On December 15, 2023, Richter filed a motion to dismiss Count II of the complaint for failure to state a claim, arguing that he cannot be held individually liable for signing contracts in his capacity as Groundworks' disclosed principal.

(Doc. 10). Plaintiff did not file a response to the motion to dismiss. On January 4, 2024, however, Plaintiff filed a motion to amend the complaint to dismiss the Defendant Richter and proceed only against Defendant Groundworks. (Doc. 20). Defendant Richter did not file a response to Plaintiff's motion to amend the complaint.

## Discussion

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend a pleading to which a responsive pleading is required, "once as a matter of course no later than . . . 21 days after service of [the] responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Here, Plaintiff filed the complaint against Groundworks and Richter, individually, on November 14, 2023. (Doc. 1). Defendant Richter filed his motion to dismiss under Rule 12(b) on December 15, 2023. Plaintiff then filed its motion to amend the complaint on January 4, 2024, the twentieth day after being served with Defendant's motion under Rule 12(b) and within the time limit prescribed by Rule 15(a)(1)(B). Accordingly, Plaintiff properly amended its complaint as of right. Because the filing of the amended complaint rendered Plaintiff's original complaint inoperative, Defendant Richter's motion to dismiss Count II of the original complaint became moot. (*See Riley v. Elkhart Community Schools,* 829 F.3d 886, 890 (7th Cir. 2016)).

Therefore, Plaintiff's Motion to Amend/Correct Complaint (Doc. 20) pursuant to Rule 15(a)(1) is **GRANTED,** and Defendant Jason Richter's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 10) is **DENIED** as moot. The Clerk of Court is **DIRECTED** to dismiss Defendant Richter as a party to this action without prejudice and enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED: January 11, 2024**

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**
